## Richmond.

### HANSEL v. COMMONWEALTH.

#### March 23, 1916.

1. CRIMINAL LAW—*Forgery—Evidence—Relevant Occurrences.*—On the trial of an indictment against a defendant for uttering as true an option contract for the sale of land, under which the broker was to get a commission of ten *per cent.* for making the sale, the written assignment from the broker to the defendant of a one-third interest in said commission, the institution of an action in the name of the broker to recover the commission, and the fact that the defendant testified for the broker in said action, are admissible in evidence as relevant occurrences tending to sustain the charge against him of uttering the forged instrument.

2. APPEAL AND ERROR.—*Objections for First Time—Authenticity of Stenographer's Report.*—On objection made to the introduction in evidence in a criminal case to a stenographer's report of evidence in a civil case relating to the same matters, the trial judge stated, in the absence of the jury, that the report was admitted to be correct, or that there was no controversy about its correctness, and this statement was not challenged at the time.

   *Held:* The authenticity of the report cannot be challenged on a writ of error awarded to the judgment.

3. EVIDENCE—*Statements by Accused—Code, Section 3901.*—Statements made by a person as a witness upon a legal examination touching a matter in which he is jointly interested with another are not excluded under section 3901 of the Code when he is subsequently indicted for crime.

4. CRIMINAL LAW—*Forgery—Instructions—Failure to State Offense.*—On an indictment for uttering a forged paper, an instruction which tells the jury they must find the accused guilty if they believe the paper was a forgery and that the defendant knew that fact at a designated time, is erroneous, as these circumstances, standing alone, do not show that the defendant either uttered or assisted in uttering the supposed forged instrument.

Error to a judgment of the Circuit Court of Russell county.

*Reversed.*

This is an indictment against R. S. Hansel in two counts. The first count charges that Hansel did feloniously forge a certain contract in writing which is set out in full in the indictment. The contract was one made by the Smith heirs with S. H. Robinett giving him authority to sell certain land at a stated price and on given terms. In the same count it is charged that S. H. Robinett "before the said felony and forgery was committed" did feloniously counsel, hire, procure, aid and abet the said R. S. Hansel to do and commit the said felony and forgery. The second count charges that Hansel having in his possession a certain forged contract in writing (setting it out in full) did then and there feloniously utter and attempt to employ the same as true with intent to injure and defraud, he then and there well knowing said contract in writing to be forged. The contract with its endorsement is set out in full in each count. It was not claimed that the signatures to the contract were forged, but that the contract was altered in several material particulars. It appears from the evidence that after Robinett had obtained the right to sell the land, he claimed to have found a purchaser ready, able and willing to buy the land on the terms given by the owners. They refused, however, to convey, and Robinett instituted an action of *assumpsit* against them to recover his commissions. The declaration in this action of *assumpsit* was filed March 23, 1914. Prior to that time, however, to-wit, on February 9, 1914, Robinett had transferred to Hansel and Griffith two-thirds of the amount that he claimed was due and payable to him from the said Smith heirs. The action, however, was brought in Robinett's name without noticing the assignment. On the trial of this action the defendant, Hansel, was examined as a witness on behalf of the plaintiff, Robinett. On the trial of Hansel on the indictment charging him with forging and also with uttering as true the forged contract which the Smith heirs had executed to Robinett, there was offered in evidence, among

other things, the assignment made by Robinett to Hansel and Griffith. That assignment is in the words and figures following, to-wit:

"This contract made this 9th day of February, 1914, by and between S. H. Robinett, party of the first part, and R. S. Hansel and A. T. Griffith, parties of the second part, all of the State of Virginia.

"Witnesseth: That whereas, on the 5th day of July, 1913, the said party of the first part entered into a valid written contract with the heirs at law of J. H. Smith, deceased, for the sale of a certain boundary of land lying in the counties of Russell and Buchanan, in the State of Virginia, and containing 500 acres, more or less, or the finding of a purchaser for the said piece or parcel of land at the price of fifty ($50.00) dollars per acre upon terms of $5,000.00 cash, and the remainder in five equal annual payments; and also,

"That, whereas, the said S. H. Robinett, party. of the first part hereto did procure a purchaser for said land under the terms of said written contract, and bound himself to convey or to cause to be conveyed the said tract of land to the prospective purchasers in accordance with the terms of the said written contract; and also,

"That, whereas, the said S. H. Robinett did, in accordance with the provisions of said contract, give the said heirs at law of J. H. Smith, deceased, notice that he had procured a purchaser under the said contract, and did later bring his said prospective purchasers to the home of the said heirs of J. H. Smith, deceased, and demand a compliance with the said contract, offering to make cash payment of $5,000.00 as soon as deed was prepared for delivery in accordance with the terms of the said contract; and also,

"That, whereas, the said heirs at law of J. H. Smith, deceased, did forfeit said contract and refused to comply with the same, and demanded that the said prospective purchasers pay the

cash sum of $16,000.00 down, in lieu of said $5,000.00, as provided in said contract, and demanded the remainder to be paid in two annual installments in lieu of five annual installments, and as a result of said default by the said heirs of said J. H. Smith, deceased, and refused to comply with said contract, and make conveyance in accordance to the same, the said S. H. Robinett did become liable to his said prospective purchasers for the damage sustained by them for his failure to convey said property or cause same to be conveyed to his said prospective purchasers, in accordance to the terms of the said written contract;

"Now, therefore, in consideraion of the premises, and the further consideration of one dollar in hand paid by the said parties of the second part to the said party of the first part at and before the signing, sealing and delivering of this contract, the receipt whereof is hereby acknowledged, and the *further* consideration of the prospective purchaser releasing all damage done to him on account of the breach of the said contract made by said S. H. Robinett with the said prospective purchaser; and the services heretofore rendered to the said party of the first part by the said A. T. Griffith, and the services hereinafter to be rendered, or caused to be rendered, by him in connection with the collection of the sum of money which the said heirs at law of J. H. Smith bound themselves to pay to said party of the first part hereto for procuring a purchaser for said land under the provisions and terms of their said written contract; the said party of the first part does by these presents grant and assign unto the said parties of the second part two-thirds of the said amount due and payable from the said heirs at law of J. H. Smith, deceased, to the said S. H. Robinett, under the said written contract.

"Witness the following signatures and seals in triplicate.

"S. H. ROBINETT     (Seal)
"R. S. HANSEL     (Seal)
"A. T. GRIFFITH     (Seal)"

Objection was made to the introduction in evidence of this assignment and that constitutes the first assignment of error mentioned in the opinion of the court.  The other facts sufficiently appear in the opinion of the court.

*C. S. McNulty* and *Finney & Wilson,* for the plaintiff in error

*John Garland Pollard, Attorney-General,* and *C. B. Garnett, Assistant Attorney-General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

This is a joint indictment against R. S. Hansel and S. H. Robinett containing two counts.  The first count charges Hansel with forging an option contract for the sale of certain coal land lying in the counties of Russell and Buchanan, and Robinett with counselling, hiring, procuring and aiding and abetting him in the commission of the forgery;  and the second count charges Hansel with uttering and attempting to employ as true the forged instrument, with intent to defraud, etc.

The jury found the accused, Hansel, guilty as charged in the indictment, and fixed his punishment at three years' confinement in the penitentiary;  and upon that verdict the judgment under review was rendered.

1.   The first assignment of error is to the admission in evidence of the contract of February 9, 1914, between Robinett of the one part and Hansel and Griffith of the other part, whereby the former assigned to the two latter two-thirds of the amount claimed to be due to Robinett from the Smith heirs as commissions for procuring a purchaser for land under the option contract.  The grounds of objection to the admission of the paper were (1) that it was not sufficiently identified; and (2) that it was immaterial.

The execution of the paper was proved by the testimony of

Griffith, one of the parties, and also the lawyer who prepared it, and, when offered in evidence, its identity was established by that witness. The materiality of the paper is shown by the circumstances that Hansel, who was introduced as a witness for Robinett in the suit for commissions, was entitled to one-third of the recovery; and, moreover, the execution of the contract of assignment, the institution of the suit by Griffith to recover commissions, and Hansel's testifying at the trial as plaintiff's witness were relevant occurrences tending to sustain the charge against him of uttering the forged instrument.

2. The ground of exception here relied on is not made an assignment of error in the petition; it is discussed for the first time in the reply brief. Waiving, however, that irregularity of procedure, the objection pressed upon us is to the admission by the trial court of the stenographic report of Hansel's testimony in the suit for commissions. It is said (1) that the stenographic report of the evidence, which the court allowed one of the prosecutors to read to the jury, was not properly authenticated.

The fact is that, in the absence of the jury, the admissibility of this evidence was fully discussed, and the court observed: "The court permits the evidence of the defendant (Hansel) given in the civil case, which is admitted to be correct, or about which there is no controversy, to be read in evidence upon the theory that everything said or done by the accused in a transaction of an attempt to utter a paper with knowledge of its forgery is admissible, which knowledge must be proven, and which is admissible under the rule laid down in *Sands' Case,* 20 Gratt. (61 Va.) 800 and *Chahoon's Case,* 20 Gratt. (61 Va.) 733, and the West Virginia case of *State* v. *Henderson,* 29 W. Va. 147 (1 S. E. 225).

If it had been the purpose of the defense to challenge the authenticity of the report of the evidence, the statement of the court that its genuineness was admitted ought then to have been denied.

Again it was insisted (2) that the admission of this evidence was contrary to section 3901 of the Code, which is as follows: "In a criminal prosecution, other than for perjury, or in any action on a penal statute, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination unless such statement was made when examined as a witness in his own behalf."

With respect to this objection, it is sufficient to say that though Hansel was called as a witness for the plaintiff, Robinett, they had a joint interest in the recovery. So that in point of fact he was "examined as a witness in his own behalf."

3. The third assignment of error (and the only other assignment that demands our notice) involves the refusal of the court to grant instruction No. 4, as prayed by the accused, and giving it in its modified form.

The instruction, as offered, reads: "The court instructs the jury that before they can convict the defendant of uttering or attempting to employ as true the writing in controversy before them in this case, they must believe beyond all reasonable doubt, first, that said paper is a forgery; and, second, that the defendant, R. S. Hansel, knew that fact at the time of the trial of the civil action of S. H. Robinett against the Smith heirs referred to in the evidence; *and third, that the paper introduced in evidence and purporting to be a contract between S. H. Robinett, A. T. Griffith and R. S. Hansel is a genuine contract between the said parties duly executed and delivered, and that said contract was in effect between said parties at the time of the trial of the said civil action referred to.*"

The instruction given omits the italicised language above. In other words, the modified instruction, in substance, told the jury that they should convict the accused if they believed from the evidence that the paper was a forgery, and that that fact was known to Hansel at the time of the trial of the civil action.

It is obvious that these circumstances, standing alone, were insufficient to warrant a conviction. In themselves, they do not show that the accused either uttered or assisted in uttering the supposed forged instrument. For that error the judgment must be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

4. In this view of the case, it is not necessary, nor would it be proper, to consider the last assignment, namely, the refusal of the court to set aside the verdict on the ground that it was contrary to the evidence and without evidence to support it.

*Reversed.*