# Richmond

PENNY L. HARRIS

v.

COMMONWEALTH OF VIRGINIA

No. 1436-90-2

Decided February 4, 1992

COUNSEL

John B. Mann (Levit & Mann, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Penny L. Harris appeals from convictions for possession of marijuana with intent to distribute and possession of amphetamines. She contends (1) the evidence was insufficient to prove that she possessed either drug, (2) the evidence was insufficient to prove an intent to distribute, and (3) the trial judge erred in overruling an objection to hearsay testimony. We reverse the convictions because the evidence was insufficient to prove Harris possessed either drug.

I.

At trial, Deputy Sheriff William Chenault testified that he had been conducting a narcotics investigation at a truckstop in Hanover County. Over the objections of Harris' counsel, Chenault testified that, based on citizen band transmissions which he heard that night, he gave an informant at the truckstop $40 to purchase a bag of marijuana from someone "who had identified himself as 'the town drunk.'" When the informant returned, Chenault concluded the substance the informant had purchased was marijuana. Acting upon information that he received from the informant, Chenault watched a tractor-trailer leave the truckstop and enter a gas station across the street.

Chenault approached the tractor-trailer and saw Harris standing next to it at the gas station pump. He obtained permission to search the truck from Donald Jerome Howell, who was also standing nearby. During the search, Chenault found a white plastic bag between a suitcase and the mattress in the sleeping compartment. In that bag were two clear plastic bags containing marijuana,

scales, glass vials containing amphetamines, and a sifter. He also found two more bags of marijuana under the mattress. Harris' child, as well as women's and children's clothing, were in the sleeping compartment.

When Harris was searched, Chenault found $745 in her back pants pocket and $40 in her front pants pocket. Chenault testified that Harris told him the $745 was a truck payment and the $40 was spending money. A search of Howell disclosed a glass vial containing amphetamine residue in Howell's boot.

On this evidence, the trial judge, sitting without a jury, convicted Harris of possession of marijuana with intent to distribute in violation of Code § 18.2-248.1 and possession of amphetamines in violation of Code § 18.2-250. The judge sentenced Harris to twelve months in jail for the marijuana charge and suspended all except the time she had served prior to trial. He also sentenced her to five years in the penitentiary for possession of amphetamines and suspended all of that sentence.

## II.

The Commonwealth claims that Harris failed to properly preserve her appeal from these convictions and that the appeal is therefore procedurally barred. We disagree.

[W]here an issue of sufficiency of evidence is presented to a trial court, sitting without a jury, in a motion to strike at the conclusion of the Commonwealth's evidence and, upon its denial and upon conclusion of the defendant's evidence, the same issue is presented in the defendant's final argument to the court, the defendant has preserved his right to appeal this issue, even though he did not make a motion to strike at the conclusion of his own evidence.

*Campbell v. Commonwealth*, 12 Va. App. 476, 478, 405 S.E.2d 1, 1 (1991).

Harris' counsel made a motion to strike the evidence at the close of the Commonwealth's case. Counsel argued that insufficient evidence linked Harris with the marijuana and amphetamines and that the Commonwealth had failed to prove an intent to distribute the small amounts of marijuana. In response, the

Commonwealth argued that, even if the drugs found in the tractor-trailer and Howell's boot were possessed by Howell, Harris constructively shared possession of the drugs. After considering these arguments, the trial judge found that the Commonwealth had proved a prima facie case and denied the motion to strike.

At the conclusion of all the evidence, Harris' counsel argued as follows:

> Where have we heard any evidence about possession with intent to distribute that makes any sense in this case? We haven't heard from the police officer that these drugs were packaged for distribution, that there was money in the same bag, that there was a larger bag . . . which smaller bags [of marijuana] had been made of. . . .

> We don't have any evidence . . . regarding intent to distribute, so it's clearly not intent to distribute and it's not even possession because they haven't proven that. . . .

> [W]hat do we have incriminating against . . . Harris other than her items of property in that tractor-trailer and where do we see that she knew what was in that bag or that she knew what was in that mattress or we can even state how long she was in there.

The trial judge specifically ruled that "the Commonwealth ha[d] borne its burden . . . [and] proved the case on both charges."

The contemporaneous objection requirement of Rule 5A:18 was satisfied when Harris' counsel informed the trial judge in closing argument of the relief that was sought. *Id.* at 480, 409 S.E.2d at 2. The trial judge had an opportunity to hear and resolve the precise issue that is now raised on appeal. Therefore, Rule 5A:18 does not forbid our consideration of sufficiency of the evidence.

### III.

In order to prove that Harris constructively possessed the marijuana and amphetamines, the Commonwealth must show "evidence of acts, statements, or conduct of [Harris] or other facts or circumstances which tend to show that [Harris] was aware of both the presence and character of the substance and that it was subject to [her] dominion and control." *Behrens v. Common-*

*wealth*, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986)(quoting *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).

The evidence proved that Chenault gave an informant money to make a drug purchase from a person "who had identified *himself* as the 'Town Drunk.'" The reasonable inference to be drawn from this testimony is that the person who identified "himself" was a man, rather than a woman. Moreover, Chenault never witnessed any drug transaction involving Harris. Although Chenault focused his attention on the tractor-trailer after the marijuana was purchased, he could not recall seeing Harris in the vehicle at that time. When Chenault first saw Harris after the marijuana was purchased, the vehicle had crossed the road to a gas station. At that time, Harris stood outside Howell's truck. The evidence thus failed to prove that Harris sold the drugs or was in the vicinity of the place where the transaction occurred.

Although the record proved that Harris had $40 in one of her pockets, we would be speculating to conclude that it was the same $40 that Chenault gave the informant. The evidence does not prove that the money was distinctively marked, consisted of certain denominations of bills, or had identifiable serial numbers. Indeed, when asked, "Was there any identification made of the forty dollars . . . in her . . . pocket?" Chenault responded, "No." The evidence also does not reveal whether Howell had money on his person. Furthermore, on this record there is no proof that the informant exchanged exactly $40 for the marijuana.

In addition, no evidence proved Harris had any knowledge that marijuana and amphetamines were stored in the tractor-trailer or on Howell's person. No drugs were found in the suitcase, which was identified as belonging to Harris, or in any of Harris' clothing. The drugs also were not in plain view; they were found in a white plastic bag and under a mattress. The evidence does prove, however, that Howell had in his boot a vial of amphetamines, of the type found in the vehicle. While the evidence proved that Harris was in proximity to the drugs and, thus, created a suspicion of guilt, it fell far short of proving beyond a reasonable doubt that she constructively possessed the drugs found in Howell's tractor-trailer or on Howell's person. Code § 18.2-250(A); *Clodfelter*

*v. Commonwealth*, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977). We, therefore, reverse the convictions.

*Reversed and dismissed.*

Bray, J., and Willis, J., concurred.