BENTON, Judge., with whom FITZPATRICK, Chief Judge, BRAY, BUMGARDNER, and AGEE, JJ., join, dissenting.
M. Morgan Cherry & Associates, Ltd., a Virginia corporation, was not a party to the divorce proceedings between Natalie W. Chérry and her husband, Max Morgan Cherry, III. Yet, in November 2000 hearings to determine whether the corporation violated an income deduction order, which was entered in the divorce proceeding, the trial judge judicially recognized facts that apparently were proved in the equitable distribution phase of the divorce proceeding. Based substantially on those facts, the judge entered a money judgment against the corporation for violating the income deduction order. I would hold that the judge committed reversible error.
“The general rule is that the court will not travel outside the record of the case before it in order to take notice of the *705 proceedings in another case, even between the same parties and in the same court, unless the proceedings are put in evidence. The reason for the rule is that the decision of a cause must depend upon the evidence introduced. If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case at hand, conclusive against the opposing party; while if they had been properly introduced they might have been met and overcome by him.”
Bernau v. Nealon, 219 Va. 1039, 1043, 254 S.E.2d 82, 85 (1979) (citation omitted).
The record establishes that the managing principal officer, who is one of the three shareholders of the corporation, was the sole witness at the hearing from which this appeal arises. He testified that in February 2000, he had a discussion with the husband about his decreased participation in the corporation’s business. He told the husband “that the drop in his hourly contribution was significantly impacting the company and ... that it wasn’t quite fair that the compensation he was receiving was based on ... 1997, 1998 involvement.” In July 2000, he again discussed with the husband the lack of justification for paying the husband when “no income [was] coming from [the husband].” At that time, the husband had only 100 billable hours for all of the year 2000. Based on those discussions, the husband agreed in July 2000 that the corporation should stop paying his salary. The corporation did so on July 17. The managing principal officer testified that the husband, who owns 60% of the corporation’s stock, continues to be one of the three shareholders of the corporation and is an inactive, unpaid employee.
In September 2000, seven months after the managing principal officer confronted the husband about his unproductivity, the corporation first received notice of the income deduction order. The corporation promptly filed in the circuit court its response that it “has made no payments of salary or any other amounts to [husband] since July 17, 2000.” In response to questions from the wife’s attorney at the show cause hearing, the managing principal officer was clear that the husband was *706 not participating in the affairs of the corporation. He testified as follows:
Q And sometimes [the husband] is a director of operations and does marketing and business management and so forth, too, doesn’t he?
A He has, yes, in the past.
Q And the operations that are the source of revenue for [the corporation] are investigations, are they not?
A Yes, sir.
Q And [the husband] conducts those investigations, doesn’t he?
A He has in the past.
Q And in fact [the husband] is [the corporation’s] primary investigator, isn’t he?
A No, that’s not true.
sK Í[4]
Q But nobody has ever compelled him to go out and work, have they?
A We have in the past tried to get him to—as a matter of fact, this summer, get him to work cases for us and he just hasn’t been able to do it. I don’t know the reasons why. I’ve retained the responsibilities for those matters and Mr. Burn has also for those matters.
It would be difficult to say we could force him to do work when he’s not physically here. I believe I haven’t seen him for five months or more.
íH H[4] ❖ sí[4] H[4]
Q So he’s in charge of marketing and representing the corporation at trade shows and soliciting clients?
A He’s not in charge of soliciting clients. He may have clients that he solicits. He has marketing responsibilities as we all do. This is a small company; I don’t know if you understand that.
The only way that it functions is the output of all of its parties and when one party doesn’t function, it puts more *707 burden on the other parties and that’s what the situation is here and that’s what led us, you know, to the conclusion that paying him a salary was not justified.
The managing principal officer further testified that the corporation owed no accrued salary to the husband, held no money that was his, and provided to him no other benefits. He testified that the minority owners had no power “to fire” the husband because the husband was the majority stockholder. Their only “options or alternatives were to ... dissolve or separate [themselves] from the company.” He testified that the coming December would be the end of the fiscal year and that decisions would then be made about bonuses. He also testified that the corporation has “never had a dividend.” No other witness testified, and no other documentary evidence was presented at the hearing.
In argument to the trial judge at the conclusion of that testimony, the corporation’s attorney asserted that “on the evidence that’s before your Honor here today, the rule to show cause should be dismissed.” The judge took the matter under advisement for two weeks. At a later hearing, which consisted only of further argument by the attorneys, the judge ruled from the bench. In pertinent part, she stated the following:
Well, I recall all the evidence that was adduced at the hearing last time, primarily through [the managing principal officer], but I have also considered the evidence that was received during the equitable distribution case about [the corporation], the nature of the business, the kind of work that it does, its ownership, its structure, and I also rely upon the evidence that I heard during the equitable distribution case regarding the way [the husband] operates with respect to his multiple identities, passports, et. cetera.
:j« sfc % v
So today, pursuant to the income deduction order that was entered by this Court on August 28th of 2000,1 am entering a judgment against [the corporation] in the amount of $9,900 for its failure to make payments for September 1, October 1, and November 1 of the year 2000. *708 (Emphasis added). Immediately at the conclusion of the hearing, the judge entered an “Order Pertaining to Rule Against MMCA,” which incorporated the judge’s “bench ruling” and “awarded a judgment against [the corporation] in the ... amount of $9,900,” plus interest, in satisfaction of the income deduction order. The corporation’s attorney “objected to [the order] on the grounds stated in open Court and on the record herein.”
“[I]t was plain error for [the trial judge] to go outside the record to find another reason to support [her] decision.” Russell County School Bd. v. Anderson, 238 Va. 372, 385, 384 S.E.2d 598, 605 (1989). Moreover, this is not a case such as Hansel v. Commonwealth, 118 Va. 803, 808, 88 S.E. 166, 167 (1916), where the trial judge “permit[ted] the evidence ... given in the [other] case ... to be read in evidence” in this case. See also Luck v. Commonwealth, 32 Va.App. 827, 834, 531 S.E.2d 41, 44 (2000) (noting that the trial judge “made the letter part of the file and the record”). Neither party offered as evidence any matters proved on the record in the equitable distribution phase of the divorce proceeding. Moreover, the corporation was not a party to the divorce proceeding.
Because no matters concerning the equitable distribution proceeding were offered as evidence in the show cause proceeding, the corporation’s attorney had no occasion to object. Indeed, after the evidence described above was proved by the testimony of the corporation’s managing principal officer, the trial judge entertained “argument” by the attorneys. Although the majority opinion recognizes that references to the extraneous “evidence” first occurred when the wife’s attorney, during summation argument, made references to the wife’s divorce proceeding testimony, the record clearly establishes that no evidence was then being offered and the only issue before the trial judge concerned the import of the evidence in the show cause proceeding. I believe, therefore, that the corporation’s attorney’s closing argument adequately preserved for review both the objection to the judge’s reliance on evidence not in the record and the objection to insufficiency of the evidence. He informed the judge that “on the evidence *709 that’s before Your Honor here today” there was no evidence to prove the corporation owed any monetary obligation to husband. In addition, the attorney noted the same objection on the final order.
“The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.” Martin v. Commonwealth, 13 Va.App. 524, 530, 414 S.E.2d 401, 404 (1992). The contemporaneous objection requirement may be satisfied by an attorney’s closing argument that touches upon the matter at issue. Taylor v. Commonwealth, 28 Va.App. 498, 504, 507 S.E.2d 89, 91 (1998); Fortune v. Commonwealth, 14 Va.App. 225, 228, 416 S.E.2d 25, 27 (1992); Harris v. Commonwealth, 13 Va.App. 593, 596, 413 S.E.2d 354, 355-56 (1992). That was done in this case. Moreover, the judge, who had tried the divorce case and had denied the corporation’s motion to intervene in the divorce case, knew the corporation was not a party to the divorce proceeding. The attorney’s argument, which directed the judge’s attention to “the evidence that’s before Your Honor here today,” clearly put the judge on notice that she was limited to considering “the evidence ... before” her at the show cause proceeding. I would hold, therefore, that the attorney preserved for appeal both the issues of insufficiency of the evidence and the limitation of evidence to that which was contained in the record.
Contrary to the majority opinion’s “ends of justice” discussion, I would hold that, in any event, to attain the ends of justice we should consider this issue of the judge’s reliance on facts not in evidence. See Rule 5A:18. “ ‘An appellate court may ... take cognizance of errors though not assigned when they ... are fundamental.’ ” Cooper v. Commonwealth, 205 Va. 883, 889, 140 S.E.2d 688, 693 (1963) (citation omitted). The judge’s “plain error” deprived the corporation of a fundamental right because the only evidence before the trial judge in this limited proceeding was the uncontradicted testimony of the managing principal officer that the corporation did not owe the husband income, as defined in the income deduction order *710 and by Code § 63.1-250. The evidence before the judge in the November hearings, the only proceeding to which the corporation was a party, did not contain a scintilla of proof concerning the evidence previously given in the equitable distribution phase of the divorce proceeding. Cf. Hansel, 118 Va. at 808, 88 S.E. at 167 (noting that the trial judge permitted the evidence from the other case “to be read in evidence”).
Moreover, the corporation had no opportunity to know, challenge, or rebut evidence from the prior hearings that the wife or the judge considered significant. The corporation, therefore, was denied the essence of due process. See Goldberg v. Kelly, 397 U.S. 254, 267-71, 90 S.Ct. 1011, 1020-22, 25 L.Ed.2d 287 (1970) (holding that notice and an effective opportunity to defend by confronting and cross-examining adverse witnesses are components of the right to due process); Browning-Ferris Industries v. Kelco Disposal, 492 U.S. 257, 285, 109 S.Ct. 2909, 2926, 106 L.Ed.2d 219 (1989) (holding that “a corporation is entitled to due process ... of law”). “The denial of due process involves the denial of a fundamental constitutional right and falls within the ambit of Rule 5A:18 to attain the ends of justice.” Allen v. Commonwealth, 36 Va.App. 334, 338-39, 549 S.E.2d 652, 654 (2001). Applying these principles, we may invoke the ends of justice exception in a case such as here, where the due process violation results in a miscarriage of justice. See id. at 339, 549 S.E.2d at 654. A miscarriage of justice is apparent in this case because the evidence properly before the judge affirmatively proved that the corporation owed no income or other monetary obligation to the husband.
I would hold further that the judge’s “plain error” in considering evidence outside the record was not harmless. The trial judge generally stated that she also was relying on evidence she heard “during the equitable distribution case, about [the corporation], the nature of the business, the kind of work ... it does, its ownership, its structure, and ... [about] the way [the husband] operates with respect to his multiple identities, passports, et. cetera.” This error was significant because it impacted upon the lack of credit the judge gave to *711 the unimpeached testimony of the corporation’s managing officer.
While a jury, or a judge trying a case without a jury, are the judges of the weight of the testimony and the credibility of witnesses, they may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with the facts appearing in the record, even though such witnesses are interested in the outcome of the case.
Here [the] evidence was uncontradicted; it was not inherently incredible; and it constituted the only facts appearing in the record. Even ... [if] the trial judge did not believe [the] testimony, [her] mere belief or speculation is not sufficient to disregard the evidence.
Hodge v. American Family Life, 213 Va. 30, 31-32, 189 S.E.2d 351, 353 (1972). See also Cheatham v. Gregory, 227 Va. 1, 4-5, 313 S.E.2d 368, 370 (1984). The judge’s decision to enter the judgment was substantially swayed by her erroneous consideration of facts not in evidence.
Additionally, the majority opinion’s sufficiency analysis operates upon the faulty premises that an argument by an attorney to the judge concerning the incidents of the case and the judge’s notice of facts adjudicated in another proceeding constitute evidence. Those premises are contrary to well established principles. See Bernau, 219 Va. at 1041, 254 S.E.2d at 84 (holding that “[individual and extrajudicial knowledge on the part of a judge will not dispense -with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of supplementing the record”); Waye v. Commonwealth, 219 Va. 683, 691, 251 S.E.2d 202, 206 (1979) (approving the judge’s instruction to “the jury that the [attorney’s] statement was not evidence”); Cook v. Hayden, 183 Va. 203, 226, 31 S.E.2d 625, 634 (1944) (holding “that the statements [of the attorney concerning facts to be proved] were not evidence”); Cummings v. Commonwealth, 24 Va.App. 248, 251-52, 481 S.E.2d 493, 494 (1997) (holding that the attorney’s discussion with the judge about facts to be proved is not evidence). Relying upon these faulty premises, the majority misapplies *712 Commonwealth v. Jenkins, 255 Va. 516, 499 S.E.2d 263 (1998), and misconstrues its holding as requiring an appellate court to accept all extraneous matters “considered” by the trial judge. In Jenkins, the Supreme Court held that in reviewing an appeal for sufficiency of the evidence, “the reviewing court must consider all evidence properly admitted at trial.” 255 Va. at 522, 499 S.E.2d at 266 (emphasis added).
The facts of this case reveal that, after the evidence had been established at an evidentiary hearing, the wife’s attorney referred during summation argument to testimony apparently made at the earlier equitable distribution phase of the divorce proceeding to which the corporation was not a party. Neither the attorney’s statements nor the judge’s bench remarks are evidence. Moreover, the wife’s attorney neither proffered as evidence nor read into evidence the record from the equitable distribution phase of the divorce proceeding upon which the trial judge relied. Although it is the responsibility of the corporation, as appellant, to present this Court with a full record, that responsibility does not include presenting documents not in evidence. See Bernau, 219 Va. at 1043, 254 S.E.2d at 85. The record before us clearly establishes that evidence from the equitable distribution proceeding in the divorce case was not admitted into the record of this hearing. Accordingly, on review for sufficiency of the evidence, the majority opinion incorrectly concludes that the record on appeal includes “evidence [from the equitable distribution hearing] referred to by [the wife’s] counsel” in argument to the trial judge. I would hold that Jenkins does not require us to consider in a sufficiency analysis that which was not offered and accepted into evidence. Simply put, arguments made by the wife’s attorney and statements by the judge in a ruling from the bench are not evidence in the case.
For these reasons, I would hold that the trial judge erred in judicially noticing facts which were proved in a proceeding where the corporation was not a party and which were not introduced as evidence in the proceeding at bar. This error substantially affected the trial court’s ruling. I would also hold that the evidence which was properly admitted was *713 uncontradicted and insufficient, as a matter of law, to support the judge’s rulings. See Cheatham, 227 Va. at 4-5, 313 S.E.2d at 370. I would, therefore, reverse the judgment.