WALLACE ELWOOD MARTIN

V.

COMMONWEALTH OF VIRGINIA

Record No. 891532

June 7, 1991

Present: All the Justices

*Jean L. Willis* for appellant.
*Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

In this appeal involving convictions of attempted murder and use of a firearm in the commission of attempted murder, we consider the Supreme Court's new "same conduct" rule for determining whether the second of two successive prosecutions is barred by principles of double jeopardy. *See Grady* v. *Corbin*, 495 U.S. 508, 110 S.Ct. 2084 (1990). Finding that the *Corbin* rule does not apply here, we will affirm the convictions.

The following scenario spawned the question for decision in this case: On October 31, 1987, Larry Berry, a member of the police department of the City of Manassas Park in Prince William County, responded to a call concerning a disturbance at a Hardee's restaurant. Upon arrival, Officer Berry observed the defendant, Wallace Elwood Martin, emerging from the restaurant in

an apparently intoxicated condition. Berry asked Martin for identification and inquired about what had happened inside the restaurant. Martin became "very loud and boisterous," and Berry placed him under arrest for being drunk in public.

When Berry, who was in full uniform, attempted to "walk [Martin] over to the police car," Martin "turned . . . and shoved" Berry. The two fell against Berry's cruiser and then to the ground, with Martin atop Berry. They struggled on the ground for "quite a while" until Berry was able to get Martin "off of [him]." Martin broke away and stepped "on to the sidewalk," some seven feet from Berry.

Then, as Berry "was pulling [himself] up off the ground" and had gotten "almost in an upright position," he looked up and saw that Martin was pointing a gun at him. Martin pulled the trigger and Berry heard a "click," but the gun did not fire. Berry ran behind a parked vehicle and heard another "click" from Martin's gun. Berry pulled his weapon out and shot at Martin, but missed. Still pointing his gun at Berry, Martin began to run, and Berry fired again, this time hitting Martin in the right shoulder.

When other police officers arrived, Martin's gun was discovered, unloaded, on the ground about ten feet from where he lay. He was transported to a hospital for treatment. He told a police officer the next day that he "would have shot the bastard if [he] had a gun."

As a result of his encounter with Berry, Martin was charged with three misdemeanor offenses, viz., obstructing justice by threats or force, drunk in public, and carrying a concealed weapon. Martin was also charged with two felonies, viz., attempted capital murder of a law enforcement officer for the purpose of interfering with the performance of his official duties and use of a firearm in the commission of attempted capital murder.

At a single hearing in general district court, Martin was convicted of the three misdemeanor offenses and held for the grand jury on the two felony charges. After he was indicted for attempted capital murder and use of a firearm, he filed a plea of former jeopardy. In a pretrial ruling, the trial court granted the plea and dismissed the two felony indictments, holding that the charge of obstructing justice was a lesser included offense of the charge of attempted capital murder of a law enforcement officer.

The grand jury then indicted Martin for attempted murder and use of a firearm in the commission of attempted murder. To these indictments, Martin filed a "Plea of Former Jeopardy and Res

Judicata." The trial court denied this plea, a jury convicted Martin of both offenses, and the trial court confirmed the convictions.

Martin filed a petition for appeal in the Court of Appeals which focused principally upon the denial of his plea of former jeopardy and res judicata. The Court refused the petition. Martin filed in this Court a petition for appeal with the same principal focus, and we refused that petition.

Martin sought certiorari from the Supreme Court of the United States. The Supreme Court granted certiorari, vacated this Court's judgment, and remanded the case "for further consideration in light of *Grady* v. *Corbin*, 495 U.S. 508 (1990)." Upon return of the case, we granted Martin an appeal to consider the question whether, in light of *Corbin*, the trial court erred in denying his "Plea of Former Jeopardy and Res Judicata."

In *Corbin*, the Supreme Court held that, even though the second of two successive prosecutions may not be barred by the test enunciated in *Blockburger* v. *United States*, 284 U.S. 299 (1932), the second prosecution is barred "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 510, 110 S.Ct. at 2087.

Under *Blockburger*, the second of two prosecutions is not barred if each offense "requires proof of a fact which the other does not." 284 U.S. at 304. The second prosecution involved in this case passes the *Blockburger* test. While attempted murder requires proof of an intent to kill, *Epps* v. *Commonwealth*, 216 Va. 150, 154, 216 S.E.2d 64, 68 (1975), obstruction of justice does not. And, while obstruction of justice requires proof of the intimidation or impediment of a judge, magistrate, justice, juror, witness, or law enforcement officer, Code § 18.2-460(A) (now Code § 18.2-460(B)), attempted murder does not.

The crucial question, therefore, is whether *Corbin's* "same conduct" rule bars Martin's prosecution for attempted murder. Martin argues that the prosecution is barred under *Corbin* because, in establishing an essential element of the charge of attempted murder, the Commonwealth proved he obstructed justice by threats or force, and this was conduct constituting an offense for which he had already been prosecuted.

We disagree with Martin. We do not think this case is controlled by *Corbin*. There, Corbin, the accused, drove across the

center line of a New York highway while intoxicated and struck two oncoming vehicles, causing the death of one person and the serious injury of another.

Corbin was issued two traffic tickets charging him with the misdemeanors of driving while intoxicated and failing to keep to the right of the median. He plead guilty to both charges in town justice court, but the judge was not informed that a fatality had occurred and the prosecutors who were conducting a homicide investigation were not made aware of the misdemeanor prosecutions.

Later, Corbin was indicted on homicide and assault charges. A bill of particulars filed by the state identified three acts the prosecution intended to rely on to prove the charges: (1) driving while intoxicated, (2) failing to keep to the right of the median, and (3) driving at an excessive speed. 495 U.S. at 514, 110 S.Ct. at 2089.

Corbin's motion to dismiss on double jeopardy grounds was denied by the appellate division of the New York trial court, but that state's Court of Appeals reversed. The Supreme Court of the United States affirmed this latter decision. Referring to its new "same conduct" standard, the Court stated: "This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." 495 U.S. at 521, 110 S.Ct. at 2093 (footnote omitted).

The Court noted Corbin's concession that *Blockburger* did not bar prosecution of the homicide and assault offenses. The Court held, however, that the prosecution was barred because in its bill of particulars the state had "admitted it [would] prove the entirety of the conduct for which Corbin was convicted — driving while intoxicated and failing to keep right of the median — to establish essential elements of the homicide and assault offenses." 495 U.S. at 523, 110 S.Ct. at 2094.

▇▇ Here, however, the Commonwealth has not admitted that, in the prosecution for attempted murder, it relied upon the same conduct for which Martin was convicted of obstructing justice. Rather, the Commonwealth contends that, unlike Corbin's conduct, Martin's conduct in obstructing justice can be readily differentiated from his conduct in attempting to commit murder. Nor is this a case like *Corbin*, where the prosecutor's right hand did not know what his left hand was doing and the judge was kept in the dark about the fatality caused by Corbin's conduct. Finally, unlike

*Corbin*, there is present in this case a clear legislative intent to segment the misdemeanor offense of obstructing justice from the felony charge of attempted murder.

With respect to this latter point, Code § 18.2-460(A) (now Code § 18.2-460(B)) makes the obstruction of justice by threats or force a misdemeanor. It is significant that the statutory language does not read "threats or force *or the presentation of a weapon.*" The absence of language relating to use of a weapon indicates, in our opinion, the legislative intent to include in the misdemeanor offense of obstructing justice less violent types of conduct and to make conduct accompanied by the use of a weapon subject to prosecution for greater offenses, such as attempted murder. Indeed, it is inconceivable that the General Assembly would make an offense involving the use of a deadly weapon only a misdemeanor.

■ The evidence in the present case fits well within the legislative framework. As noted previously, the evidence showed that Martin "turned . . . and shoved" Berry and then struggled with him on the ground for "quite a while." This evidence fully established a discrete misdemeanor offense of obstructing justice that became complete with Martin's turning and shoving Berry and struggling with him on the ground. The evidence concerning Martin's later conduct involving the use of a weapon was not necessary, therefore, to the prosecution for obstructing justice.

■ The separate offense of attempted murder commenced only after Martin and Berry had separated and Martin had stepped some seven feet away. The evidence of Martin's drawing of his weapon, at which time it may be inferred he formed the intent to kill Berry, his pulling of the trigger, and his making the statement that he "would have shot the bastard if [he] had a gun," fully established the attempted murder offense. The evidence of Martin's conduct in shoving Berry and struggling with him was not necessary, therefore, in the words of *Corbin*, "to establish an essential element" of the offense of attempted murder. 495 U.S. at ____, 110 S.Ct. at 2087. Hence, *Corbin* does not apply to bar Martin's prosecution for attempted murder. *See United States* v. *Clark*, ____ F.2d ____, (4th Cir. 1991) (No. 90-5771) (*Corbin* inapplicable where conduct involved in prior prosecution not necessary to proof of essential element of second prosecution).

Martin argues, however, that because the trial court ruled the encounter between Martin and Berry "was one act," the Com-

monwealth is estopped from contending that the encounter was "a series of separate assaults." However, the record does not contain any ruling that the encounter between Martin and Berry "was one act." At one of the places cited by Martin, the trial judge made the general observation that "a single act may be an offense against two statutes," but this was not a finding that the encounter between Martin and Berry constituted only "one act."

■ Be that as it may, it is clear that the trial court did not dismiss the attempted capital murder indictment because it considered the encounter between Martin and Berry as "one act." Rather, the court dismissed the indictment because it found that the charge of obstructing justice, for which Martin had already been prosecuted, was a lesser included offense of the charge of attempted capital murder of a police officer.

Contrary to Martin's further contention, it does not follow that the trial court's dismissal of the capital murder charge constituted a dismissal of the attempted murder charge as well. In the first place, while obstructing justice may be a lesser included offense of attempted capital murder of a police officer, it is not a lesser included offense of attempted murder.

■ Furthermore, jeopardy attaches only after a jury is empaneled and sworn in a jury trial or the first witness is sworn in a bench trial. *Bradshaw* v. *Commonwealth*, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984); *Rosser* v. *Commonwealth*, 159 Va. 1028, 1031-32, 1036, 167 S.E. 257, 257 (1933). Here, the capital murder charge was dismissed in a pretrial ruling, prior to the empaneling and swearing of a jury or the swearing of any witnesses. Hence, dismissal of the attempted capital murder charge cannot form the basis of a double jeopardy bar to the prosecution for attempted murder.

■ Finally, Martin argues that Code § 19.2-294 barred his conviction for attempted murder after he had been convicted of obstructing justice. We disagree. Code § 19.2-294 provides that "[i]f the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others." Even if we assume that Martin's conduct constituted only one act, we must yet hold that Code § 19.2-294 is not a bar to prosecution for attempted murder after a conviction of obstructing justice. While obstructing justice may be a statutory offense, attempted murder

is not; it is a common law offense. *See Blythe* v. *Commonwealth*, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981).

We hold that Martin's prosecution for attempted murder was not barred for any of the reasons he has advanced. *A fortiori*, Martin's prosecution for use of a firearm in the commission of attempted murder was not barred. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*