593 So.2d 1293 (1991)
STATE of Louisiana
v.
Edwin ARNOLD.
No. KW 90 2274.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Stay Denied; Writ Denied January 31, 1992.
*1294 Doug Moreau, Dist. Atty. by James Owen, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
James Wood, Baton Rouge, for defendant/appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
Defendant, Edwin R. Arnold, Jr., was charged with driving while intoxicated, first offense, in violation of La.R.S. 14:98. He pled not guilty. Defendant filed a motion to suppress which was subsequently denied by the trial court. Thereafter, defendant withdrew his not guilty plea and entered a guilty plea, reserving his right to review of the trial court's denial of the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant was *1295 sentenced to pay a fine of $400 and to serve a term of imprisonment of 4 months in the parish prison. The entire sentence was suspended and defendant was placed on unsupervised probation for one year with special conditions of probation. Subsequently, defendant filed an application for writs of certiorari, prohibition and mandamus regarding the issues raised by the denial of the motion suppress. This court granted a writ of certiorari.

FACTS
The facts of this case are obtained from the transcript of the motion to suppress, the evidence introduced at the hearing on the motion, and the affidavit of probable cause. On July 29, 1989, at approximately 2:00 a.m., Sergeant Terry Sanders and Officer Bordelon of the Department of Public Safety and Corrections Police were patrolling the Louisiana State Police buildings which house the narcotics unit in Baton Rouge, Louisiana. They observed a pickup truck bearing a New Jersey license plate and driven by a white male enter the narcotics unit parking lot from the street, stop momentarily, proceed to the next building and then start to back out of the parking lot. The vehicle was leaving the parking lot when it was stopped. Officer Sanders testified, in pertinent part, as follows:
Q. OKAY. DID YOU NOTICE ANYTHING WERE YOU PERSONALLY ABLE TO NOTICE ANYTHING UNUSUAL ABOUT THE VEHICLE?
A. OTHER THAN IT WAS MOVING REAL SLOW AND THE TIME OF NIGHT AND THE PARTICULAR LOCATION THAT HE WAS IN. IT AROUSED MY SUSPICION AS TO WHY HE WOULD HAVE ANY LEGAL REASON TO BE AT THAT LOCATION AT THAT TIME OF NIGHT.
Q. OKAY. DID YOU NOTICE ANYTHING ELSE ABOUTUNUSUAL OR ANY OTHER VIOLATIONS?
A. OKAY. THEI SAW SOMETHING COME OUT OF THE DRIVER'S SIDE WINDOW OF THE PICKUP TRUCK, BUT I COULD NOT YOU KNOW, I COULDN'T SAY UNDER OATH EXACTLY WHAT IT WAS OR ANYTHING THATBUT, AGAIN, ITIT LED ME TO BELIEVE THAT, YOU KNOW, POSSIBLY THE SUBJECTWELL, IN MY OPINION, SHOULD NOT BE THERE TO BEGIN WITH. AND IT INCREASED BY SUSPICION AS TO WHY HE WAS THERE.
Q. ARE YOU SURE THAT WHATEVER IT WAS THAT YOU SAW WAS COMING OUT OF THE WINDOW?
A. IT APPEARED TO BE. YES, MA'AM. I'M NOT ABSOLUTELY POSITIVE.
Q. AND SOWHAT WAS YOUR REASONS FOR STOPPING HIM?
A. FOR INVESTIGATIVE PURPOSES, TO FIND OUT EXACTLY WHY HE WAS IN THAT AREA AT THAT TIME OF NIGHT WITH AN OUT-OF-STATE LICENSE PLATE ON THE PICKUP AND, UH,THAT WAS THE REASON THAT WE STOPPED HIM.
The officer stated he observed some type of metallic object come out of the driver's side window. However, he was not certain of the identity of the object. There was a beer can found at the location; however, Sergeant Sanders could not state that this was the object that was thrown out of the truck.
What happened next is described in the affidavit of probable cause filed by Officers Sanders and Bordelon as follows:
Officers stopped the vehicle bearing NJ CSA83K(90) at East Airport Road. This officer observed operator to exit vehicle and stagger to rear of vehicle. Officer noted a strong odor of an alcoholic beverage on his breath with slurred speech while speaking with subject. Officer advised subject of his rights per Miranda and requested he perform a field sobriety test which he did poorly. *1296 Subject arrested and transported to Troop A. Upon arrival subject advised of his rights relating to chemical test for intoxication. This officer administered the intoxilyze test with result of .157% BAC. Subject transported and booked EBRSO jail.
Defendant filed a motion to suppress, which was denied by the trial court. The trial court, pursuant to our invitation, issued a per curiam. The trial court stated in its per curiam, in pertinent part:
In the instant case, security officers at the State Police building on East Airport had occasion to stop the defendant for an offense committed in their presence, namely, littering, in violation of City Ordinance 11:280. ...
According to the case law, a police officer may may [sic] a valid stop when an offense, traffic or otherwise, is committed in his presence. His ultimate motive for the stop is irrelavant [sic] if the facts indicate that an offense was, in fact, committed. In this case, the Court was satisfied that the defendant threw something out of the car, in direct violation of City Ordinance 11:280. Despite the intentions or motives of the police, an offense was committed in their presence, and nothing in the evidence presented led to [sic] the Court to believe that the crime was precipitated by the officers' actions. On the contrary, there was nothing in the record to indicate that the defendant was aware of the presence of the officers at the time the offense was committed.
Having found that a violation of the City Code occurred in the presence of the officers, the Court was constrained by the prevailing caselaw [sic] to rule the stop proper and reasonable.

MOTION TO SUPPRESS

(Assignment of error number 1)
The issue presented in this assignment of error is whether or not the initial stop of defendant was justified.
A law enforcement officer has the right to stop and interrogate one reasonably suspected of criminal conduct. La. C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La. 1983); State v. Chopin, 372 So.2d 1222 (La.1979). Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. Chopin, 372 So.2d at 1224.
La.C.Cr.P. art. 215.1(A) provides as follows:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
Under the particular facts of this case, the police officers reasonably suspected that the defendant committed or was about to commit an offense. Accordingly, they had a right to stop him (in a public place) and demand of him his name, address and an explanation of his actions. They did this.
La.C.Cr.P. art. 213(1) provides as follows:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;
After the officers stopped the defendant, he got out of his vehicle and staggered to the back of the vehicle. The officers spoke to the defendant and noted that the defendant had a strong odor of alcoholic beverages *1297 on his breath and the defendant's speech was slurred. The defendant was given a field sobriety test on which he did poorly. At this point in time, the officers had probable cause to believe the defendant had committed the offense of DWI and they arrested him.
This assignment of error is without merit.

COLLATERAL ESTOPPEL

(Assignment of error number 2)
Defendant argues that since the Department of Public Safety and the District Attorney's Office are arms of the same sovereign, the decision of the administrative law judge in a Department of Public Safety and Corrections civil action to reinstate defendant's driving privileges should be binding in this criminal matter. The administrative law judge found that the officers did not have reasonable grounds to stop defendant.
The doctrine of collateral estoppel is inapplicable in this context. In Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), the United States Supreme Court defined "collateral estoppel" as follows:
It means simply that when a [sic] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit....
... Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."
In State v. Cox, 352 So.2d 638, 641 (La. 1977), the Louisiana Supreme Court stated the following regarding collateral estoppel:
The doctrine arguments the traditional double jeopardy protection by incorporating into the Fifth Amendment the idea that an ultimate issue of fact which has been established in defendant's favor in a prior criminal trial cannot be relitigated by the State. ... But for a defendant to successfully raise this issue, he must have been acquitted in a prior criminal prosecution. (Citations omitted)
We disagree with defendant' argument that the parties are the same since they are "arms of the state". Furthermore, the previous ruling regarding probable cause to stop defendant was not made in a criminal prosecution. The administrative hearing is conducted as a civil proceeding to determine whether or not driving privileges should be suspended. This criminal proceeding is based upon a bill of information charging defendant with a crime proscribed by the legislature. The findings of the administrative law judge in the civil proceeding are not binding on the trial court in the criminal proceeding. Gunstream v. State, Department of Public Safety, License Control and Driver Improvement Division, 353 So.2d 355 (La.App. 1st Cir. 1977); Whitaker v. State, Department of Public Safety, Driver's License Division, 264 So.2d 725 (La.App. 1st Cir.1972).
This assignment of error is without merit.

PATENT ERROR

(Assignment of error number 3)
A patent sentencing error was committed when the trial court failed to give defendant credit for time served. See La. C.Cr.P. art. 880. Accordingly, we amend the sentence to reflect that defendant is to be given credit for time served prior to execution of his sentence. See La.C.Cr.P. art. 882(A). See also State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). The district court is ordered to amend the commitment and the minute entry of the sentencing to give the defendant credit for time served.

*1298 DECREE
For the foregoing reasons, the judgment denying the motion to suppress is affirmed, the conviction is affirmed and the sentence is amended and affirmed.
AFFIRMED IN PART; AMENDED AND AFFIRMED IN PART.