874 P.2d 1112

STATE of Idaho, Plaintiff–Respondent,

v.

Ava L. GUSMAN, Defendant–Appellant.

No. 20767.

Supreme Court of Idaho,
Boise.

May 17, 1994.

806

Randolph E. Farber, Nampa, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., argued, Boise, for respondent.

TROUT, Justice.

## BACKGROUND

This appeal is before the Court based upon Ava Gusman's (Gusman) petition for review from a Court of Appeals' decision, 125 Idaho 810, 874 P.2d 1117.

On October 12, 1990, while driving with Jaime Chavez, Gusman was arrested for driving under the influence (DUI), obstruction of justice, possession of a controlled substance, and possession of drug paraphernalia. The issue presented by this appeal arises as a result of a dispute over who was driving the car when the officer made the stop.

The officer apparently was of the opinion that when he stopped the car the driver and passenger switched seats resulting in Gusman ending up in the passenger seat. Because the officer believed Gusman to have been in actual control of the car prior to being stopped and based upon his observations of her, he apparently asked Gusman to take a blood alcohol evidentiary test. Based upon her refusal to submit to the test, the officer seized her license and presumably filed an affidavit of refusal. M.C.R. 9.2. Subsequently, Gusman filed a request for a hearing on the issue of the suspension of her license and a license suspension hearing (BAC hearing) was held on November 13, 1990, pursuant to I.C. § 18–8002(3)(b).[1] The purpose of the BAC hearing was to provide Gusman an opportunity to show cause why she refused to submit to the evidentiary test. At the BAC hearing Gusman was the only witness to testify and at the conclusion the court, based upon the evidence presented at the hearing, ruled as follows:

> THE COURT: Based upon the evidence presented—the evidence shows that the defendant was not operating a motor vehicle, was not in the driver's—or was not in actual physical control of the motor vehicle and that there was really nothing about the stop of these people—or they were stopped or not.

> MR. FARBER: Very good, Your Honor.

> THE COURT: The evidence doesn't indicated [sic] whether or not they were stopped or driving down the road or what.

> . . . .

> THE COURT: But the evidence does show that she was not operating or in actual physical control of the motor vehicle and there's no evidence that the officer had reasonable grounds or probable cause to believe that she was and therefore, her license will be returned to her.

1. All of this is couched in terms of assumptions we must make from what record we have as there is no testimony from the officer, nor is the officer's affidavit of refusal in the record. Gusman acknowledged at the BAC hearing that the officer believed that she and Chavez had switched seats, that she had had two drinks and that the officer had asked her to perform some field sobriety tests.

During the prosecution for DUI and the related charges, Gusman moved that the charges against her be dismissed, relying upon the findings made at the BAC hearing. The court denied the motion to dismiss, ruling that the issues decided at the BAC hearing were not entitled to collateral estoppel effect. As a result of a conditional plea bargain under I.C.R. 11, Gusman pled guilty to DUI and obstructing an officer and reserved for appeal the ruling on her motion to dismiss. The State dropped the possession charges in exchange for the plea.

On appeal, the district court affirmed the magistrate court's decision on the motion to dismiss, as did the Court of Appeals. Before this Court Gusman asserts that her convictions for DUI and obstruction should be reversed based upon findings made at the BAC hearing that she was not in "actual physical control" of the vehicle and that the officer lacked probable cause to make the stop. She asserts that these findings should be given preclusive effect to prevent relitigation of the same issues in the DUI and obstruction cases, based upon either the doctrine of res judicata or collateral estoppel. We disagree and affirm the conviction.

## STANDARD OF REVIEW

The case comes before us on a petition for review from the Court of Appeals. "[W]here a case comes to us on a petition for review from the Court of Appeals, we review the opinion of the district [or magistrate] court directly. While we accord the views of our Court of Appeals serious consideration, we are not bound by those views.... On issues of law this Court exercises free review. (citations omitted)." *Clements Farms, Inc. v. Ben Fish & Son,* 120 Idaho 185, 187–88, 814 P.2d 917, 919–20 (1991).

## ISSUE ON APPEAL

Gusman has framed the issue presented by this appeal as follows:

1. Whether the State is collaterally estopped or prevented by res judicata from continuing to bring a criminal charge against the Appellant involving Driving under the Influence, I.C. 18–

8004 and Obstructing Justice, I.C. 18–705 when a magistrate judge determined that there was no probable cause for the traffic stop, and that the Appellant was not driving.

## ANALYSIS

We note at the outset that Gusman is not correct in her characterization of the magistrate's ruling at the BAC hearing. Although not entirely clear from his comments, it appears that the magistrate determined only that Gusman was not driving and that there was no probable cause for the officer to request Gusman to take the BAC test rather than any determination about probable cause to stop. Thus we do not address any issues relating to whether the officer was justified in stopping Gusman's vehicle in the first place.

■ Gusman argues that the doctrines of res judicata (claim preclusion) or collateral estoppel (issue preclusion) should apply to bar the State from prosecuting her for DUI and obstruction based upon the findings made at the BAC hearing. Because we do not believe the principles of res judicata apply in this instance, we will limit the discussion to the question of the applicability of collateral estoppel. Res judicata applies to actions between the same parties upon the same claim or demand. "[T]he former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit." *Joyce v. Murphy Land & Irrigation Co.,* 35 Idaho 549, 553, 208 P. 241, 242–43 (1922) (quoted with approval in *Magic Valley Radiology, P.A. v. Kolouch,* 123 Idaho 434, 437, 849 P.2d 107, 110 (1993)). While the parties to the BAC proceeding and the criminal prosecution were the same, the claims were not. At the BAC hearing Gusman "claimed" that she should not have her driving privileges suspended for failure to take a BAC test. In the criminal prosecution, the State asserted that she should be found guilty and punished for operating a motor vehicle while under the influence of alcohol. These are not the same

claims and therefore the doctrine of res judicata is not applicable.

▮ Collateral estoppel, on the other hand, works to prevent the relitigation of issues of ultimate fact. *State v. Powell*, 120 Idaho 707, 709, 819 P.2d 561, 563 (1991). In *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171 (1987), this Court set forth a five factor test which must be considered by the court in determining whether collateral estoppel will act as a bar:

(1) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue decided in the earlier case;

(2) the issue decided in the prior litigation was identical to the issue presented in the present action;

(3) the issue sought to be precluded was actually decided in the prior litigation;

(4) there was a final judgment on the merits in the prior litigation; and

(5) the party against whom the issue is asserted was the party or in privity with a party in the prior litigation.

112 Idaho at 183–84, 731 P.2d at 178–79. In addition, a criminal defendant attempting to preclude issues from being relitigated in a subsequent prosecution must establish that the defendant was placed in "jeopardy" in the earlier proceeding. *Powell*, 120 Idaho at 708, 819 P.2d at 562.

▮ In this instance, there is no question that the parties are the same in both actions and that the BAC hearing was litigated to a final judgment. Moreover, the issue of whether the defendant was operating a motor vehicle was actually decided in the prior hearing. Problems arise, however, with the remaining elements.

## A. Full and fair opportunity to litigate

Gusman failed to establish that the State had a full and fair opportunity to litigate the issues decided at the BAC hearing. In *Anderson*, we addressed the issue of "full and fair opportunity to litigate" in the context of the State asking this Court to apply

collateral estoppel to prevent the relitigation of issues asserted by a plaintiff, which issues were, allegedly, already litigated at the plaintiff's (then criminal defendant's) criminal trial for felony aggravated assault on a police officer. *Anderson*, 112 Idaho at 184, 731 P.2d at 179.[2] In our analysis we concluded that defendants in misdemeanor or traffic infraction cases may not have an incentive to vigorously defend.

> For this reason, in most circumstances a conviction for a relatively minor matter such as a lesser misdemeanor, traffic infraction, or matter of like import should not act as collateral estoppel in a subsequent civil action. (citations omitted).

112 Idaho at 184, 731 P.2d at 179. We then held that the charge of aggravated assault on an officer was sufficiently serious to expect that the criminal defendant would defend against the charge vigorously; therefore, Anderson had a full and fair opportunity to litigate. *Id.* at 176, 731 P.2d at 171.

We can conceive of no reason the same rationale should not apply to this case even though the earlier proceeding was a civil proceeding and the results are now being applied to a criminal prosecution. From the State's perspective, a BAC hearing is a minor matter where one would not expect the State to prosecute the action vigorously; thus collateral estoppel should not apply to the issues decided at the hearing. At the BAC hearing the burden is placed upon the defendant to show cause why she did not submit to an evidentiary test to which a driver agrees to submit when issued a driver's license. The State simply files an affidavit of refusal in order to begin the process of suspending the driver's license. The driver must meet the burden of proof or risk having the license suspended. The State, although it initiates the suspension, has little or no incentive to vigorously litigate the license suspension because it is a civil matter pursued by the driver. The driver's license can be suspended without the State doing anything more than filing the affidavit if the driver is unable to convince the court there was cause to refuse the evidentiary test. Allowing issues

---

**2.** We note that Anderson was ultimately convicted of a misdemeanor for negligently pointing a firearm at another person. *Anderson,* 112 Idaho at 176, 731 P.2d at 171.

decided at a BAC hearing to preclude issues from being litigated at a criminal DUI trial would effectively turn the hearing into a criminal matter, as the state would be forced to anticipate possible defenses and litigate aggressively at the BAC hearing to prevent issue preclusion in any future criminal matter.

### B. Identical issues presented in both proceedings

Gusman also failed to establish that the issues litigated at the BAC hearing were identical to those to be litigated in the criminal prosecution for DUI. The BAC hearing is a limited hearing addressing only why the defendant did not submit to, or complete, the evidentiary test. I.C. § 18–8002. The court is required to suspend the driver's license unless it finds the officer did not have probable cause to stop and request the defendant to take the test, or the request violated the defendant's civil rights. I.C. § 18–8002(4)(b). An obvious threshold determination must be made as to whether the defendant was even operating a motor vehicle, but that is not the primary focus of the BAC hearing. On the other hand, the issue to be decided in the criminal prosecution for DUI is whether the defendant was operating a motor vehicle under the influence of alcohol or drugs. I.C. § 18–8004.

■ In this instance, the court used a factual finding that Gusman was not in "actual physical control" of the vehicle to establish that the officer lacked probable cause to request the evidentiary test. The court made this finding based upon Gusman's uncontroverted testimony at the BAC hearing. Collateral estoppel only precludes the relitigation of *ultimate issues* of fact. *Powell,* 120 Idaho at 709, 819 P.2d at 563. In *Powell,* we explained that "[a]lthough the evidence received in each proceeding may be very similar, the issues for which that evidence is offered as proof [may] differ significantly." *Id.* at 709, 819 P.2d at 562. In *Powell,* we specifically did not allow a magistrate's finding in a hearing under the Child Protective Act that the evidence of sexual abuse was inconclusive to preclude subsequent criminal prosecution for lewd and lascivious conduct.

*Id.* at 709, 819 P.2d at 562. Whether or not Gusman was driving was not the ultimate issue in the BAC hearing; rather, it was a factual finding to support the ultimate issue that the officer lacked probable cause to request the evidentiary test. Thus, the only issues decided at the BAC hearing and the only issue entitled to preclusive effect is that the officer did not have probable cause to request Gusman to submit to the evidentiary test. This issue is not present in the criminal prosecution for DUI; thus, the ultimate issues are not identical.

### C. Jeopardy in earlier proceeding

Gusman also failed to establish that she was placed in "jeopardy." Gusman argues that because she lives in a rural part of Idaho the loss of her license for 180 days is so potentially devastating that she was placed in jeopardy. We disagree.

In *Powell,* we noted that collateral estoppel is a facet of Fifth Amendment protection against double jeopardy. *Id.* at 708, 819 P.2d at 562 (*citing Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). We explained that courts must look at the focus and purpose of the two proceedings to determine if the defendant was placed in jeopardy. *Id.* 120 Idaho at 709, 819 P.2d at 563. Further, we embraced the definition of jeopardy espoused by the United States Supreme Court: that jeopardy denotes risk; *the risk traditionally associated with criminal prosecution and with actions authorizing criminal punishment to vindicate the public justice. Id.* at 709, 819 P.2d at 563 (*citing Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975)). (Emphasis added.)

■ In *Powell,* we concluded that a Child Protective Act hearing does not place the parent in "jeopardy." *Id.* 120 Idaho at 709, 819 P.2d at 563. The loss of one's license for failing to take an evidentiary test consented to when a driver's license was issued, although potentially devastating to a person living in rural Idaho, is a *civil penalty* separate and apart from any other suspension imposed for a violation of other Idaho motor vehicle codes, and does not place the defendant in "jeopardy." There is no punishment designed to vindicate the public justice. The

**810**

loss of the driver's license for declining to submit to an evidentiary test is the individual's choice and is a consequence of failing to comply with a previously assumed civil obligation upon being issued a driver's license. Simply because the BAC hearing focuses on the driver's ability to show cause why the driver did not submit to the evidentiary test does not change the fact that the risk associated with the BAC hearing is not similar to that associated with a criminal prosecution.

### CONCLUSION

On this petition for review from the Court of Appeals we conclude that the issues decided at the BAC hearing are not entitled to preclusive effect based upon either the doctrine of res judicata or collateral estoppel. We affirm the convictions for DUI and obstruction of justice entered against Ava Gusman.

McDEVITT, C.J., BISTLINE and JOHNSON, JJ., and WOODLAND, J. Pro Tem., concur.