COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Senior Judges Duff and Hodges


JERMEL RODNEY DAVIS, a/k/a
 RODNEY JERMEL DAVIS

v.    Record No. 1599-94-3          MEMORANDUM OPINION[*] BY
                                    CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                AUGUST 15, 1995


           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge

           Elizabeth P. Murtagh, Assistant Public
           Defender (Office of the Public Defender, on
           brief), for appellant.

           Michael T. Judge, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Jermel Rodney Davis appeals his bench trial convictions of

attempted murder and use of a firearm in the commission of

attempted murder arguing that the evidence was insufficient to

support his convictions.  We hold that the testimony that Davis

discharged a firearm in the direction of Jones was sufficient to

prove the specific intent required for his conviction of

attempted willful, deliberate, and premeditated murder.

Therefore, we affirm the convictions.

     During the early morning hours of February 20, 1994, Davis

patronized an establishment by the name of "The Underground" on

Memorial Avenue in Lynchburg.  At closing, security officers,

while clearing the parking lot adjacent to the club, heard Davis

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"ranting and raving" about "going on a mission," and "being tired of people messing with him."  The officers heard Davis say, "I'm the mother fucking man, fuck security, fuck the police."

Hearing these statements, one officer followed Davis across the parking lot.  As he did so, the officer noticed something shiny in Davis's hand and yelled to his supervisor that Davis had a gun.  At that time, Craig Jones, another uniformed security officer, pulled up and got out of his car.  Jones approached Davis and told him to drop his weapon and place his hands on top of his head.  Davis did not comply and started walking backwards, away from Jones.  Again, Jones told Davis to drop his weapon and place his hands on top of his head.  This time, Davis pointed the gun at Jones and fired a shot.  Jones ducked behind his car and heard Davis fire three more shots before he stood and returned a single shot which struck Davis in the leg.  Davis fell to the ground but immediately stood and fled on foot.  The officers were unable to stop Davis who disappeared behind an adjacent business.

In characterizing the intent required for a conviction of attempted murder, the Supreme Court has said:

> To commit murder one need not intend to take life; but to be guilty of an attempt to murder, he must so intend.  It is not sufficient that his act, had it been fatal, would have been murder.

Merritt v. Commonwealth, 164 Va. 653, 662, 180 S.E. 395, 399 (1935).

The Commonwealth "must prove beyond a reasonable doubt

- 2 -

> both the act and the mental state. Sufficient proof of one element, but not the other, will result in reversal." . . . Intent or mental state is subjective, but it may, and usually must, be proven objectively from the circumstances.

Harrell v. Commonwealth, 11 Va. App. 1, 7, 396 S.E.2d 680, 682 (1990)(other citations omitted).

The circumstances from which intent may be proven include such things as a person's statements or conduct, and "[a] person's conduct may be measured by its natural and probable consequences. The finder of fact may infer that a person intends the natural and probable consequences of his acts." Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991). "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Johnson v. Commonwealth, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968). Moreover, the Supreme Court has stated that the intent to kill may be inferred from the mere drawing of a gun. Martin v. Commonwealth, 242 Va. 1, 7, 406 S.E.2d 15, 18 (1991).

Applying the above principles, we hold that the testimony about Davis's statements and conduct outside the club could be inferred to establish his hostile state of mind towards the security personnel at the time he aimed and discharged a gun in the direction of Jones. This evidence coupled with the evidence that Davis drew his gun and fired in the direction of Jones was sufficient to support a finding that Davis intended to kill Jones.

Affirmed.

- 3 -