COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Elder
Argued at Richmond, Virginia


ALFRED MCKINLEY JONES
                                        OPINION BY
v.        Record No. 1896-95-3    JUDGE LARRY G. ELDER
                                     SEPTEMBER 10, 1996
CITY OF LYNCHBURG


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Richard S. Miller, Judge


James B. Feinman (James B. Feinman &
Associates, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Alfred McKinley Jones (appellant) appeals his conviction for driving with a prohibited blood alcohol level, in violation of Lynchburg Code § 25-162. Appellant contends that the trial court erred in failing to dismiss the drunk driving charge as barred on double jeopardy and collateral estoppel grounds. Because the trial court did not err, we affirm appellant's conviction.

I.

FACTS

On April 8, 1995, a vehicle driven by appellant nearly struck another vehicle. Officer P. K. Redd of the Lynchburg Police Department arrived at the scene shortly thereafter. Appellant failed three field sobriety tests, and breathalyzer test results indicated that appellant's blood alcohol level was .20 percent.

Pursuant to Code § 46.2-391.2, upon appellant's arrest, his driver's license was suspended administratively for seven days. On April 12, 1995, appellant filed a motion for review of his administrative suspension. The Lynchburg General District Court held a hearing on the matter the same day, at which the Commonwealth chose not to appear. No police reports or other evidence on the Commonwealth's behalf were offered. After hearing appellant's testimony, the court rescinded the license suspension, finding that the police lacked probable cause to arrest appellant.

Despite the general district court's ruling that no probable cause existed for appellant's arrest, the City of Lynchburg prosecuted appellant in the general district court pursuant to Lynchburg Code § 25-162, which prohibits drunk driving. On May 2, 1995, appellant filed a motion to dismiss on grounds of acquittal, based on the ruling that there was no probable cause for his arrest. Appellant argued that the Commonwealth was collaterally estopped from proceeding on the related drunk driving charge and that the prosecution of the criminal charge was barred on double jeopardy grounds. The general district court overruled the motion and on May 3, 1995, convicted appellant of drunk driving.

After appealing his conviction to the circuit court, appellant again filed a motion to dismiss on grounds of acquittal. On August 8, 1995, the circuit court denied

2

appellant's motion.  The circuit court ruled that pursuant to Code § 46.2-391.2(C) the prior determination of no probable cause did not constitute a binding or final judgment upon which collateral estoppel could be based.[1]  After appellant stipulated to the Commonwealth's evidence, the circuit court found appellant guilty of drunk driving.

II.

DOUBLE JEOPARDY & COLLATERAL ESTOPPEL

Appellant argues that his prosecution for drunk driving was constitutionally impermissible because the administrative license suspension proceeding was a criminal proceeding, and the double jeopardy protection of the Fifth Amendment of the United States Constitution barred a second prosecution.  We disagree.

In Tench v. Commonwealth, 21 Va. App. 200, 204, 462 S.E.2d 922, 923-24 (1995)(en banc), we held that an administrative license suspension is a civil penalty and does not constitute "punishment" for double jeopardy purposes.  See United States v. Halper, 490 U.S. 435 (1989).  Here, pursuant to Code § 46.2-391.2(C), appellant timely requested the general district court to review the license suspension, and a hearing was held on

---

[1]  This statutory section reads, in part:

> The court's findings [with regard to the review of the license suspension] are without prejudice to the person contesting the suspension or to any other potential party as to any proceedings, civil or criminal, and shall not be evidence in any proceedings, civil or criminal.

3

the matter four days after the suspension. It follows logically from <u>Tench</u> that the district court's license suspension hearing was a civil proceeding. <u>See, e.g.</u>, <u>State v. Young</u>, 544 N.W.2d 808, 811 (Neb. 1996)(holding that an administrative license suspension hearing is civil); <u>State v. Cassady</u>, 662 A.2d 955, 958 (N.H. 1995)(same); <u>Walton v. State</u>, 831 S.W.2d 488, 490 (Tex. Ct. App. 1992)(same); <u>People v. Moore</u>, 561 N.E.2d 648, 650 (Ill. 1990)(same). Therefore, because the license suspension proceeding "did not impose punishment within the meaning of the double jeopardy clause, [appellant] was not twice placed in jeopardy in violation of the United States Constitution when prosecuted for driving while intoxicated." <u>Tench</u>, 21 Va. App. at 208, 462 S.E.2d at 925.

"The doctrine of collateral estoppel in criminal cases . . . means 'that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" <u>Rogers v. Commonwealth</u>, 5 Va. App. 337, 341, 362 S.E.2d 752, 754 (1987)(quoting <u>Ashe v. Swenson</u>, 397 U.S. 436, 443 (1970)). "The party seeking the protection of collateral estoppel carries the burden of showing that the verdict in the prior action necessarily decided the precise issue he seeks to now preclude." <u>Rogers</u>, 5 Va. App. at 341, 362 S.E.2d at 754. "[T]he doctrine of collateral estoppel is a constitutional requirement embodied in the fifth amendment protection against double jeopardy and is

4

applicable to the states through the fourteenth amendment to the United States Constitution."  Simon v. Commonwealth, 220 Va. 412, 415, 258 S.E.2d 567, 569 (1979).

Because the license suspension hearing was a civil proceeding, "[a]pplication of the doctrine of collateral estoppel is not constitutionally mandated."  Cassady, 662 A.2d at 958 (holding that collateral estoppel did not prevent relitigation in a criminal proceeding of issues of fact previously decided in defendant's favor in an administrative hearing); Young, 544 N.W.2d at 812 (same); State v. Arnold, 593 So. 2d 1293 (La. Ct. App. 1991)(same), writ denied, 594 So. 2d 1305 (La. 1992); Moore, 561 N.E.2d at 652.  "Because the 'issues of ultimate fact' in an administrative hearing held pursuant to [Code § 46.2-391.2] are different from those in a prosecution for the offense of driving while intoxicated, the doctrine of collateral estoppel does not bar . . . [a] subsequent prosecution for driving while intoxicated."  Walton, 831 S.W.2d at 490 (holding that administrative hearing to revoke defendant's license did not collaterally bar prosecution and did not violate double jeopardy).

> Furthermore:
>> If we were to hold the doctrine of collateral estoppel applicable to later criminal proceedings, the [Commonwealth] would be forced to litigate thoroughly every fact at issue in an administrative license suspension proceeding.  This would undermine the goal of providing informal and prompt review of a decision to suspend a driver's license.

Cassady, 662 A.2d at 958.  See Young, 544 N.W.2d at 812; Moore, 561 N.E.2d at 652.  "From the [Commonwealth's] perspective, [an administrative] hearing is a minor matter where one would not expect the [Commonwealth] to prosecute the action vigorously[.]" State v. Gusman, 874 P.2d 1112, 1115 (Idaho 1994).  Also, because license suspension hearings are civil in nature, "the court may rely on law enforcement officers' official reports in the absence of the officers themselves."  Moore, 561 N.E.2d at 650; State v. Higa, 897 P.2d 928, 936 (Haw. 1995); see Code § 46.2-391.2(B), (C).

For these reasons, we hold that the doctrines of double jeopardy and collateral estoppel did not bar appellant's prosecution for drunk driving, and we affirm his conviction.

Affirmed.

Benton, J., concurring.

I concur in the majority's holding that our decision in Tench v. Commonwealth, 21 Va. App. 200, 462 S.E.2d 922 (1995)(en banc) is dispositive of appellant's double jeopardy argument.

While I generally agree with most of the majority's discussion of collateral estoppel, I believe that the following language of Code § 46.2-391.2(C) is dispositive of the collateral estoppel issue:

> The [general district] court's findings [with regard to the review of the license suspension] are without prejudice to the person contesting the suspension or to any other potential party as to any proceedings, civil or criminal, and shall not be evidence in any proceedings, civil or criminal.

"In Virginia, it is well established that collateral estoppel requires mutuality." Hampton Roads Sanitation Dist. v. City of Virginia Beach, 240 Va. 209, 213, 396 S.E.2d 656, 658 (1990). Under the mutuality doctrine, for which no exception applies in this case, "a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result." N & W v. Bailey, 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980). See also Angstadt v. Atlantic Mutual Ins. Co., 249 Va. 444, 447, 457 S.E.2d 86, 87 (1995). Under the language of Code § 46.2-391.2(C), no party to the license suspension hearing was bound by any ruling made by the general district court. Indeed, the statute states that the findings may not be

7

used in any proceeding.

Thus, I would also affirm the conviction.