COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


VALERIE CUMMINGS
                                              OPINION BY
v.        Record No. 0286-96-4     JUDGE JERE M. H. WILLIS, JR.
                                           FEBRUARY 25, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Arthur B. Vieregg, Jr., Judge

            Robert E. Battle (Robert E. Battle, P.C., on
            brief), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        On appeal from her conviction for driving while intoxicated,

a third offense within five years, Valerie Cummings contends (1)

that her conviction violated the prohibition against double

jeopardy, and (2) that the Commonwealth was collaterally estopped

from prosecuting her for driving while intoxicated (DWI) because

at an administrative license suspension hearing, the district

court found no probable cause for her arrest.  We disagree and

affirm the judgment of the trial court.

        On August 7, 1995, Ms. Cummings was arrested for driving

while intoxicated "2nd or subsequent offense," in violation of

Fairfax County Code § 82-1-6.  Pursuant to the administrative

license suspension (ALS) provisions, Code § 46.2-391.2, her

driver's license was suspended for seven days.  She challenged

the seven-day suspension in Fairfax General District Court and on

August 11, 1995, the district court rescinded the suspension and wrote "No PC held" on the warrant.  See Code § 46.2-391.2(C).

On November 3, 1995, Ms. Cummings appeared for trial on both charges in the Fairfax General District Court.  The Commonwealth moved to amend the warrant to allege a violation of the state code and to allege that the DWI charge was for a third or subsequent offense within five years.  Counsel for Ms. Cummings stated that he had no objection to the amendments, and said, "I'll stipulate to the prior convictions."

Ms. Cummings then moved in limine that the arresting officer be prohibited from testifying about the arrest because the probable cause issue had been decided at the ALS hearing.  The district court granted this motion.  Before the case proceeded further, the Commonwealth's Attorney moved to nolle prosequi both charges.  The district court granted this motion over Ms. Cummings' objection.

On November 29, 1995, Ms. Cummings was indicted for driving while intoxicated, a third offense within five years.  She was convicted on this indictment in the trial court.

## I.  DOUBLE JEOPARDY

Ms. Cummings contends that jeopardy attached when she stipulated in general district court to her two prior DWI convictions.

"'In a trial before a court without a jury the danger of conviction or jeopardy of an accused begins when the trial has

reached the stage where the Commonwealth begins to introduce its testimony.'" Greenwalt v. Commonwealth, 224 Va. 498, 500-01, 297 S.E.2d 709, 710 (1982) (quoting Rosser v. Commonwealth, 159 Va. 1028, 1036, 167 S.E. 257, 259 (1933)). "'It is generally recognized that a nolle prosequi, if entered before jeopardy attached, does not bar further prosecution for the offense.'" Cantrell v. Commonwealth, 7 Va. App. 269, 281, 373 S.E.2d 328, 333 (1988) (citation omitted).

When the district court granted the Commonwealth's pretrial motion to nolle prosequi the charges, no witness had been sworn and the Commonwealth had introduced no evidence. The pretrial discussion between the district court judge and counsel was in the nature of an opening statement. See Fields v. Commonwealth, 2 Va. App. 300, 307, 343 S.E.2d 379, 382-83 (1986). Because the opening statement represents merely counsel's expectation as to the evidence to be presented and is not testimony, it is not evidence. See Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). Similarly, resolution of preliminary matters prior to trial, before witnesses are sworn or testimony taken, does not place the defendant in jeopardy.

In Martin v. Commonwealth, 242 Va. 1, 406 S.E.2d 15 (1991), the defendant argued that the trial court's pretrial dismissal of an attempted capital murder charge, due to his earlier conviction for a lesser included offense, barred his subsequent prosecution for attempted murder. The Supreme Court noted that "jeopardy

attaches only after a jury is empaneled and sworn in a jury trial or the first witness is sworn in a bench trial." Id. at 8, 406 S.E.2d at 18. The Supreme Court ruled that because the dismissal occurred before the swearing of any witness or the empaneling of jurors, it "[could not] form the basis of a double jeopardy bar to the prosecution for attempted murder." Id.

In this case, the district court's pretrial granting of the Commonwealth's motion to nolle prosequi the charges occurred before the Commonwealth presented any evidence, before any witness was sworn, and therefore, before jeopardy attached.

Ms. Cummings' mere offer to stipulate the prior convictions was not the equivalent of the Commonwealth's introduction of testimony. The record manifests neither that the offer was accepted nor that the prior convictions were proffered as evidence. See Low v. Commonwealth, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990); Hudson v. Commonwealth, 9 Va. App. 110, 112, 383 S.E.2d 767, 768-69 (1989) (noting that the Commonwealth is not required to accept a defendant's stipulation and is entitled to prove the indictment). Thus, the trial court correctly ruled that the double jeopardy prohibition did not bar the prosecution.

## II. COLLATERAL ESTOPPEL

Ms. Cummings next contends that the Commonwealth was collaterally estopped from prosecuting her for DWI following the district court's finding at the ALS hearing that no probable

- 4 -

cause supported Cummings' arrest.  We disagree.

Our decision is controlled by Jones v. City of Lynchburg, 23 Va. App. 167, 474 S.E.2d 863 (1996).  Jones was arrested for DWI and his driver's license was suspended administratively for seven days.  See Code § 46.2-391.2.  In an ALS hearing, the district court found that the police lacked probable cause to arrest Jones and rescinded the license suspension.  Affirming Jones' DWI conviction, we said:

> Because the license suspension hearing was a civil proceeding, "[a]pplication of the doctrine of collateral estoppel is not constitutionally mandated" [and] . . . "[b]ecause the 'issues of ultimate fact' in an administrative hearing held pursuant to [Code § 46.2-391.2] are different from those in a prosecution for the offense of driving while intoxicated, the doctrine of collateral estoppel does not bar . . . [a] subsequent prosecution for driving while intoxicated."

Jones, 23 Va. App. at 171-72, 474 S.E.2d at 865 (citations omitted).

The judgment of the trial court is affirmed.

Affirmed.