JUSTICE KOONTZ,
with whom JUSTICE LACY and JUSTICE KEENAN join, dissenting.
I respectfully dissent. The record in this case clearly establishes, as the Court of Appeals of Virginia determined, that Darrell Washington was twice put in jeopardy in violation of his rights under the Fifth Amendment to the Constitution of the United States as a result of his two jury trials in the Circuit Court of Arlington County for the *307 same offenses. I cannot join an opinion which nevertheless declines to address and enforce those rights by. concluding, in effect, that Washington is procedurally precluded on appeal from asserting his constitutional claim because he did not expressly object to the original trial judge’s sua sponte declaration of a mistrial during the first trial. In this particular case, the undisputed facts do not support the majority’s application of a procedural bar and, moreover, those facts considered under established legal principles do not support the majority’s holding that Washington “implicitly consented” to the mistrial and, thus, “waived his double jeopardy rights.”
The following well established principles are pertinent to the proper analysis of this case. The right not to be subjected to double jeopardy attaches in a criminal case when the jury is impaneled and sworn. Serfass v. United States, 420 U. S. 377, 388 (1995); see also Martin v. Commonwealth, 242 Va. 1, 8 406 S.E.2d 15, 18 (1991). The Double Jeopardy Clause not only protects the accused from retrial after being acquitted, but also gives the accused a “valued right to have his trial completed by a particular tribunal,” Wade v. Hunter, 336 U.S. 684, 689 (1949), that is, “the right ... to have his trial completed before the first jury impaneled to try him.” Oregon v. Kennedy, 456 U.S. 667, 673 (1982); see also Allen v. Commonwealth, 252 Va. 105, 109, 472 S.E.2d 277, 279 (1996).
However, there are well recognized circumstances in which a defendant may be retried even though a prior jury was impaneled and sworn, and a mistrial was declared before that jury reached a verdict. Downum v. United States, 372 U.S. 734, 735-36 (1963); Wade, 336 U.S. at 688. When those circumstances arise in a particular case, the underlying rationale for permitting a retrial is that the defendant’s right to have his trial completed by a particular jury is “subordinated to the public’s interest in fair trials designed to end in just judgments.” Wade, 336 U.S. at 689.
In this regard, the United States Supreme Court has developed a two-part test to be used in determining whether double jeopardy principles have been violated when a trial results in a mistrial. The first part of the test requires the court to determine whether the accused consented to the declaration of a mistrial. If so, then double jeopardy principles do not apply, and no further inquiry need be made unless it appears that improper actions of the prosecutor or the trial court were intended to provoke the mistrial. Oregon v. Kennedy, 456 U.S. at 676; United States v. Dinitz, 424 U.S. 600, 611 (1976). If the accused did not consent to the declaration of a mistrial, then, under *308 the second prong of the Supreme Court’s test, the mistrial will bar retrial unless there was a “manifest necessity” for the mistrial. United States v. Perez, 22 U.S. 579, 580 (1824); see also Allen, 252 Va. at 109, 472 S.E.2d at 279.
In the present case, it is undisputed that the first jury was sworn and, thus, that Washington was put in jeopardy at his first trial. Neither counsel requested that an alternate juror be seated. The original trial judge[1] thereafter sua sponte declared a mistrial because there were not sufficient prospective jurors in the venire from whom to select an alternate juror in accord with the requirement of Code § 8.01-360 that alternate jurors initially not be made aware of that status. Beyond question, the judge simply wanted to accommodate a juror who was to be excused from jury service the following day. The judge explained his declaration of a mistrial in the following way:
The alternative . . . was to try the case and see if it got in and done by 6 o’clock tonight.
It is 12:18 on the Court’s clock. I’m told there were seven or eight Commonwealth witnesses. Both attorneys imply that they couldn’t do that.
Therefore, rather than make this jury wait around all day and see if it can be done properly, the mistrial for the inability to have 12 jurors hear and decide this case properly is equivalent to a sick juror or a missing juror, taking us under the 12 [required by Code § 19.2-262(B)j.
The record further establishes that the judge was fully aware of the constitutional implications of his sua sponte declaration of a mistrial. Indeed, he explained to the Commonwealth’s Attorney that “[i]t is very important constitutionally. The jury was sworn.” Moreover, the judge was aware that Washington was not consenting to a mistrial in light of Washington’s repeated assertions that jeopardy had attached when the jury was sworn. Again, the judge stated that “[n]ow [Washington’s counsel is] going to claim that jeopardy attaches.” In this context, the judge’s statements reflect that he considered the inability properly to select an alternate juror to create a *309 manifest necessity for a mistrial so that a retrial would not violate Washington’s double jeopardy rights. The judge was simply wrong.
The majority, acknowledging as it must that Washington did not expressly consent to the mistrial, concludes that he “implicitly” or “tacitly” consented to the mistrial because he failed to make an “express objection” in the circuit court during the first trial. The express objection to which the majority refers is that contained in our Rule 5:25, which is frequently referred to as the contemporaneous objection rule. Its counterpart is Rule 5A:18 applicable in the Court of Appeals. Rule 5:25, in pertinent part, provides that: “Error will not be sustained to any ruling of the trial court . . . unless objection was stated with reasonable certainty at the time of the ruling.” This rule requires that an objection be made with sufficient specificity to enable the trial judge to rule intelligently and, thus, to avoid unnecessary reversals on appeal. Absent such objection, the issue will not be considered for the first time on appeal. See, e.g., Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E. 46, 52 (1988), cert. denied, 490 U.S. 1028 (1989). The majority correctly states that we have repeatedly and consistently held that a litigant must object to a ruling of the trial court if that litigant desires to challenge the ruling on appeal and cites numerous prior decisions of this Court that confirm that proposition. None of those decisions, however, requires the use of the specific words “object” or “objection” as if such words are somehow magic talismans which the majority now seems to suggest are required by Rule 5:25. Facially, this rule merely requires that an objection be made “with reasonable certainty.”
In any event, the procedural bar of Rule 5:25 is not applicable in this particular case for a number of reasons that also distinguish this case from those cited by the majority. Initially, I note that at Washington’s second trial, the Commonwealth asserted that the mistrial of the first trial was the result of a manifest necessity when the prospective jury pool proved inadequate to permit the trial to be heard on the scheduled day. The Commonwealth did not contend at that time that Washington had waived his right to assert former jeopardy by failing to make an express objection to the original trial judge’s declaration of a mistrial. The Commonwealth makes this assertion for the first time on appeal. The trial judge merely acquiesced in the original trial judge’s determination of a manifest necessity for a mistrial as being a matter of discretion. In this context, surely Washington had objected to the mistrial with sufficient certainty to satisfy Rule 5:25 because the original trial judge, the Commonwealth, and the subsequent trial *310 judge were aware that Washington was asserting that a retrial would violate his double jeopardy rights. Manifest necessity was the focus of the issue to be resolved; waiver was not.
Moreover, the issue to be determined in this appeal is whether, under the circumstances of this particular case, Washington implicitly consented to the mistrial so as to have waived his double jeopardy claim, or in the absence of such consent, whether a manifest necessity existed at the time of the mistrial to permit a retrial. The Commonwealth does not assert that the original trial judge was unaware of the constitutional implications of his sua sponte declaration of a mistrial and the record would refute such an assertion had it been made. Thus, for purposes of satisfying the requirements of Rule 5:25, there is no dispute that Washington did not consent to the mistrial. Whether the failure expressly to object to the mistrial constitutes a waiver of Washington’s constitutional claim is a separate and distinct issue from the issue of consent, although the two are closely related. Because the record establishes beyond question that the original trial judge was made aware that Washington was asserting that his constitutional right against double jeopardy would be violated by retrial, the procedural bar of Rule 5:25 is not applicable. Accordingly, the merits of the issues presented by this appeal must be addressed.
The Commonwealth contends that in the absence of an express objection, there is an implied consent to the declaration of a mistrial and urges that we adopt the rule, applied by several of the federal circuits, that if the defendant had an opportunity to object to a declaration of a mistrial, but failed to do so, the consent thus implied acts as a waiver to any subsequent claim of double jeopardy.[2] See, e.g., *311 United States v. DiPietro, 936 F.2d 6, 9-10 (1st Cir. 1991); Camden v. Circuit Court of Second Judicial Dist., Crawford County, III., 892 F.2d 610, 614-18 (7th Cir. 1989), cert. denied, 495 U.S. 921 (1990); United States v. Puleo, 817 F.2d 702, 705 (11th Cir.), cert. denied, 484 U.S. 978 (1987).
In determining whether, and to what extent, the failure to make an express objection to a declaration of a mistrial should act as an implied consent, the focus must be on the consequence that the implied consent is also an implied waiver of the defendant’s “valued right to have his trial completed by a particular tribunal.” Wade, 336 U.S. at 689. In Allen, we recognized that “ ‘[wjaiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege,’ and with respect to fundamental constitutional rights, ‘courts indulge every reasonable presumption against waiver.’ ” 252 Va. at 111, 472 S.E.2d at 280 (citations omitted). In that case, the Commonwealth requested a mistrial and the defendant did not make an express objection to the trial court’s granting that request. Rather, “[the defendant] merely ‘requested that the case be dismissed on the basis that jeopardy had already attached and the case could not be retried.’ ” Id. Agreeing with an opinion expressed by the trial court in a subsequent proceeding, we held that the defendant had thus “ ‘preserved the objection to a [second] trial.’ ” Id.
Although we did not expressly adopt in Allen the “implied consent rule” urged by the Commonwealth in this case, our reasoning in that case is closely analogous to that used by the federal circuits which have applied a “totality of the circumstances” standard in determining whether the absence of an express objection to a declaration of a mistrial amounts to an implied consent thereto and a waiver of double jeopardy rights thereafter. Moreover, our reasoning in Allen is inconsistent with the Commonwealth’s position in the present case that the failure to expressly object to a mistrial, standing alone, will constitute an implied consent to a declaration of a mistrial. Accord Minnesota v. Olson, 609 N.W.2d 293, 300 (Minn. Ct. App. 2000); Benson v. Nevada, 895 P.2d 1323, 1327 (Nev. 1995); Ex parte Little, 887 S.W.2d 62, 66 (Tex. Crim. App. 1994); Missouri v. Tolliver, 839 S.W.2d 296, 299 (Mo. 1992).
Contrary to the majority’s view, I am of opinion that the circumstances of Washington’s case are virtually indistinguishable from those in Allen. As in that case, Washington’s counsel, while not expressly objecting to the mistrial, asserted that jeopardy had attached and that any retrial would violate the defendant’s double *312 jeopardy rights. Indeed, in the present case, this assertion was more forcefully made. Accordingly, this assertion precludes a finding of an implied consent to the sua sponte declaration of a mistrial that would act as a waiver of the very constitutional rights Washington’s counsel was asserting. In its attempt to distinguish Allen from the present case, the majority effectively overturns this Court’s decision in that case sub silentio.
Absent consent, express or implied, to the declaration of a mistrial, the question becomes whether manifest necessity permitted Washington’s retrial. A trial court “may discharge the jury when it appears . . . that there is a manifest necessity for such discharge.” Code § 8.01-361. “There is no general rule as to what facts and circumstances constitute such a necessity but the trial court is authorized by the statute to exercise its discretion in making the determination according to the circumstances of the case.” Turnbull v. Commonwealth, 216 Va. 328, 335, 218 S.E.2d 541, 546 (1975). “[T]he key word ‘necessity’ cannot be interpreted literally; instead . . . there are degrees of necessity and ... a ‘high degree’ [is required] before ... a mistrial is appropriate.” Arizona v. Washington, 434 U.S. 497, 506 (1978). Because the defendant’s right to have his trial concluded by a particular tribunal is frustrated by any mistrial, the Commonwealth has the burden of justifying the mistrial to avoid the double jeopardy bar and that “burden is a heavy one.” Id. at 505. Thus, “any doubt ‘in favor of the liberty of the citizen, rather than exercise what would be an unlimited, uncertain, and arbitrary judicial discretion,’ ” will be resolved in the favor of the defendant. Downum, 372 U.S. at 738 (quoting United States v. Watson, 28 F. Cas. 499, 501 (1868)).
In Arizona v. Washington, the United States Supreme Court recognized “the spectrum of trial problems which may warrant a mistrial and which vary in their amenability to appellate scrutiny.” 434 U.S. at 510. In that context, I am of opinion that the appropriate standard of review for a double jeopardy claim following a mistrial is to be determined by whether the underlying reasons for the mistrial concern issues best left to the informed discretion of the trial judge or issues that more nearly invoke questions of law for which closer appellate review is appropriate.
In Smith v. Commonwealth, 239 Va. 243, 389 S.E.2d 871, cert. denied, 498 U.S. 881 (1990), for example, we upheld the trial court’s determination that a single misstatement by the Commonwealth’s Attorney in closing argument, which was immediately noted by the *313 trial court and retracted by the Commonwealth’s Attorney, did not warrant granting the defendant’s request for a mistrial. Id. at 266-67, 389 S.E.2d at 884. Implicit in the Court’s holding is that this issue was clearly a matter best left to the discretion of the trial court because the trial judge was in the better position to evaluate the effect of the misstatement and the subsequent curative efforts on the jury. However, for the reasons that follow, such deference to the original trial judge’s discretion is not appropriate in the present case. Rather, the record must be reviewed to determine whether it establishes that the judge “acted responsibly and deliberately, and accorded careful consideration to [the defendant’s] interest in having the trial concluded in a single proceeding.” Arizona v. Washington, 434 U.S. at 516.
In exercising his discretion to declare a mistrial in this case, the original trial judge was required to consider whether there were less severe alternatives “to assure that, taking all the circumstances into account, there was a manifest necessity for the sua sponte declaration of this mistrial.” Jorn, 400 U.S. at 487; see also Gilliam v. Foster, 61 F.3d 1070, 1081 (4th Cir. 1995) (holding that the critical inquiry is whether less drastic alternatives were available to the court); Harris v. Young, 607 F.2d 1081, 1085 (4th Cir. 1979), cert. denied, 444 U.S. 1025 (1980) (“If less drastic alternatives than a mistrial were available, they should have been employed in order to protect the defendant’s interest in promptly ending the trial”). Thus, the judge should have considered the possibility of a trial continuance before abruptly declaring a mistrial and discharging the jury. Jorn, 400 U.S. at 487; see also United States v. Shafer, 987 F.2d 1054, 1058 (4th Cir. 1993) (holding that an abuse of discretion occurs if the trial judge fails to fully consider all alternatives, including a continuance, before declaring a mistrial).
It is the duty of the trial judge to apply the statutes governing jury selection in order to procure an impartial jury for the defendant. Slade v. Commonwealth, 155 Va. 1099, 1106, 156 S.E. 388, 391 (1931); Code §§ 8.01-357 and -360. The record of this case is clear that before the voir dire process began, the judge was aware that the number of prospective jurors in the jury pool was barely adequate to provide Washington with a jury properly selected in accordance with the governing law. Nonetheless, the judge elected to proceed to “see if we don’t cure this as we go.” Moreover, when it became apparent that the jury that had been selected and sworn would not be able to hear the case in the timeframe that the judge desired, he first *314 attempted to fashion a remedy outside that permitted by the governing statutes and then abruptly declared a mistrial. In doing so, the judge did not consider a continuance of the trial as an alternative.
A continuance of the trial, either prior to voir dire or after the jury was sworn but before any evidence was heard, would not have injured Washington’s interest in having his trial concluded in a single proceeding. Though a continuance might have caused some inconvenience to all concerned, that inconvenience would have been no greater than that occasioned by the mistrial.[3] Under these circumstances, the judge gave insufficient consideration to other alternatives before reaching the conclusion that there was a manifest necessity to declare a mistrial. Indeed, the Commonwealth has not borne its burden to establish that a manifest necessity for a mistrial existed. The possible inability to complete a felony criminal trial in one day does not constitute a manifest necessity for a mistrial. Accordingly, in my view, the Court of Appeals did not err in reversing the judgment of the trial court in Washington’s second trial deferring to the discretion of the original trial judge on that issue.
For these reasons, I would affirm the judgment of the Court of Appeals reversing the judgment of the trial court and dismissing the indictments against Washington with prejudice.

 Judge Paul F. Sheridan presided at Washington’s first trial. Judge William T. Newman, Jr. presided at Washington’s second trial.

 Although the United States Supreme Court has never squarely held that retrial is permissible following a defendant’s implied consent to a declaration of a mistrial, see, e.g., Escobar v. O’Leary, 943 F.2d 711, 716 n.3 (7th Cir. 1991), it has recognized that there can be no question of consent where the defendant was not given the opportunity to object. United States v. Jorn, 400 U.S. 470, 487 (1971).
Among the federal circuits that have considered the issue, some have taken a more restrictive view than that advocated here by the Commonwealth, holding that the totality of the circumstances attendant on a declaration of a mistrial, and not merely the opportunity for and the absence of an express objection by the defendant, are to be considered in determining whether there has been an implied consent which would justify finding a waiver of double jeopardy rights. See, e.g., United States v. Smith, 621 F.2d 350, 352 (9th Cir. 1980), cert. denied, 449 U.S. 1087 (1981); United States v. Goldstein, 479 F.2d 1061, 1067 (2d Cir.), cert. denied, 414 U.S. 873 (1973). At least one circuit has been even more restrictive, holding that consent should be implied “ ‘only where the circumstances positively indicate a defendant’s willingness to acquiesce in the [mistrial] order.’ ” Glover v. McMackin, 950 F.2d 1236, 1240 (6th Cir. 1991) (quoting Jones v. Hogg, 732 F.2d 53, 57 (6th Cir. 1984)).

 There is no indication in the record that there were any speedy trial concerns that would have arisen as a result of the judge’s ordering a continuance of Washington’s first trial.